# Exhibit 1

EXECUTION COPY

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into on October 11, 2019, by and among (1) Plaintiff Grant Morrow ("Morrow" or "Plaintiff"), for himself and on behalf of the Settlement Class (as defined in Paragraph 25), and (2) Quest Diagnostics Incorporated ("Quest" or "Defendant"), pertaining to the putative class action lawsuit captioned *Morrow v. Quest Diagnostics Incoporated*, Case No. 2:17-cv-00948-CCC-JBC (D.N.J.), subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff and Defendant enter into this agreement by and through their respective counsel.  Plaintiff and Defendant are collectively referred to herein as the "Parties."  This Settlement Agreement and Release and Exhibits "A" to "H," attached hereto, are collectively referred to herein as the "Agreement" or the "Settlement Agreement."

WHEREAS, on December 12, 2016, Defendant notified certain persons that on November 26, 2016, an unauthorized third party obtained protected health information of approximately 34,000 users of the MyQuest application maintained by Defendant, including names, dates of birth, lab results, and in some instances, telephone numbers (the "Incident");

WHEREAS, Plaintiff filed suit against Defendant and several fictitious entities and individuals in the the Superior Court of New Jersey, Law Division, Middlesex County, on December 21, 2016, which suit was assigned Docket No. MID-L-7406-16 (the "State Action");

WHEREAS, Defendant filed a notice of removal of the State Action on February 13, 2017, following which the lawsuit proceeded in the United States District Court for the District of New Jersey with the case number 2:17-cv-00948-CCC-JBC (the "Action");

WHEREAS, Defendant moved to dismiss the Action on April 5, 2017 on the grounds that (i) Plaintiff lacked Article III standing to sue because he had not alleged any cognizable injury and (ii) Plaintiff failed to state a claim upon which relief may be granted;

WHEREAS, Plaintiff sought, and received, Court approval to take certain discovery regarding Defendant's contention that Plaintiff lacked Article III standing, and subsequently took such discovery;

WHEREAS, on January 30, 2018, Defendant moved to dismiss the operative Complaint, and briefing on Defendant's motion was complete on March 14, 2018;

WHEREAS, on July 27, 2018, before deciding Quest's motion to dismiss, the Court referred the parties to mediation before Sheryl M. Goski, Esq.;

WHEREAS, on September 24, 2018, the Parties participated in in-person mediation before Ms. Goski;

WHEREAS, subsequent to that time, the Parties engaged in good faith, arm's-length settlement negotiations directly;

WHEREAS, with the written consent of Defendant, Plaintiff filed a motion seeking leave to file an amended complaint on September 27, 2019 (the "Amended Complaint");

WHEREAS, the Amended Complaint included counts for negligence, breach of contract, breach of implied contract, invasion of privacy, publication of private facts, unjust enrichment, violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, *et seq.*), and for declaratory and injunctive relief; and

WHEREAS, the Parties desire to settle and resolve the pending Action and any related claims or allegations and have in fact reached a definitive settlement, the terms of which are set forth herein;

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Action be settled, compromised, and dismissed on the merits, and with prejudice, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth in this Agreement.

## I.   <u>DEFINITIONS</u>

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.      "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees, costs, and expenses in connection with the Action and the Settlement, as described in Paragraphs 58-63 of this Agreement.

2.      "Claims Deadline" means a date that is one hundred and eighty (180) days after the date of the Notice Deadline.

3.      "Claim Form" or "Claim(s)" means the form that Settlement Class Members must submit by the Claims Deadlines to be eligible for monetary relief under the terms of the Settlement Agreement, substantially in the form attached hereto as Exhibit "A," and which may be modified by agreement of the Parties to meet the requirements of the Settlement Administrator.

4.      "Class Counsel" means John A. Yanchunis and Patrick Barthle of Morgan & Morgan Complex Litigation Group, James Barry of the Locks Law Firm, LLC, and Michael Glapern of Javerbaum Wurgaft Hicks Kahn Wikstrom and Sinins, P.C. "Lead Class Counsel" means John A. Yanchunis of Morgan & Morgan Complex Litigation Group.

5.      "Court" means the United States District Court for the District of New Jersey.

6.      "Defendant Released Persons" means Defendant and each of Defendant's current, former or future parents, subsidiaries, associates, affiliates, partners, joint ventures, officers, directors, principals, shareholders, members, agents, representatives, employees, attorneys,

financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers, reinsurers, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, advisors, any trusts in which any of the Defendant Released Persons are settlors, and/or any other entity in which any of the Defendant Released Persons has or had a controlling interest or which is, or was, related to or affiliated with any of the Defendant Released Persons.

7.      "Effective Date" means the first business day after which all of the following events have occurred:

a.      the Final Order and Final Judgment have been entered; and

b.1.      if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or

b.2.      if reconsideration and/or appellate review is sought from the Final Order and Final Judgment: (a) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (b) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the payment of Attorneys' Fees and Expenses in the amounts that Class Counsel requests ("Fee Request").

8.      "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for Service Award by Plaintiff; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and Service Award.  The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

9.      "Final Approval" means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the Service Award (as defined in Paragraphs 58-63).  In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

10.      "Final Order and Final Judgment" means the Court's order and judgment that the Court enters upon Final Approval, substantially in the form attached hereto as Exhibit "B."

11.      "Long Form Notice" means the long form notice of settlement, substantially in the form of the document attached to this Agreement as Exhibit "C."

3

12.    "Notice" means the Long Form Notice and Summary Notice that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

13.    "Notice Date" means the first date upon which the Notice is disseminated.

14.    "Notice Deadline" means the date that is thirty (30) days after the Preliminary Approval Order and Qualified Settlement Protective Order are entered by the Court.

15.    "Notice Program" means the plans and methods for the dissemination of the Notice provided for and agreed to in this Agreement in Section VII.

16.    "Objection Deadline" means forty-five (45) days after the Notice Deadline.

17.    "Opt-Out Deadline" means forty-five (45) days after the Notice Deadline.

18.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Notice and Notice Program, substantially in the form of the document attached to this Agreement as Exhibit "D."

19.    "Qualified Settlement Protective Order" means the order substantially in the form of the document attached to this Agreement as Exhibit "E."

20.    "Releasing Parties" means Plaintiff and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class, and each of their respective heirs, assigns, beneficiaries, and successors.

21.    "Service Award" means such funds as may be awarded by the Court to Plaintiff to compensate Plaintiff for his efforts in the litigation, as described in Paragraphs 58-63 of this Agreement.

22.    "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement including the Exhibits hereto.

23.    "Settlement Administrator" means the qualified third party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Notice.  The Parties agree to recommend that the Court appoint Heffler Claims Group as Settlement Administrator to: (a) design, consult on, and implement the Notice Program and related requirements of this Agreement; and (b) implement the Notice Program, the Settlement Website, the submission and review of Claim Forms, and related requirements of this Agreement, subject to the Court's approval. Class Counsel and Defendant may, by agreement, substitute a different Settlement Administrator, subject to approval by the Court.  In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different Settlement Administrator, upon a showing that the responsibilities of the Settlement Administrator have not been

adequately executed by the incumbent.

24.     "Settlement Administration Charges" means all charges or costs, including those arising from implementation of the Notice Program, purchasing the advertisements described in the Notice Program, dissemination of the Notice, and administration of the claims and Settlement, invoiced or charged by the Settlement Administrator, that the Parties agree were reasonably incurred by the Settlement Administrator in carrying out the duties described in the Settlement Agreement, and such agreement shall not be unreasonably withheld.

25.     "Settlement Class" means all persons residing in the United States whose personal information was obtained by an unauthorized third party in the Incident.  Excluded from the Settlement Class are the judge and magistrate judge presiding over this matter, any members of their judicial staff, the officers and directors of Defendant, and persons who timely and validly request exclusion from the Settlement Class, pursuant to Paragraph 49.

26.     "Settlement Class Members" means all persons who fall within the Settlement Class.

27.     "Settlement Class Representative" means Grant Morrow.

28.     "Settlement Fund" means the amount of up to One Hundred Ninety-Five Thousand Dollars and No Cents ($195,000) that Defendant will pay, pursuant to Paragraphs 33-34 of this Agreement, as part of the consideration for the release of all claims as provided in this Agreement.

29.     "Settlement Website" means the Internet website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for Settlement Class Members to obtain notice of and information about the Settlement.  The URL of the Settlement Website shall be determined by the Settlement Administrator.

30.     "Summary Notice" means the summary form notice of settlement, substantially in the form of the document attached to this Agreement as Exhibit "F."

## II.     <u>SETTLEMENT CLASS</u>

31.     For settlement purposes only, the Parties agree that the Court should certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

32.     For settlement purposes only, Class Counsel shall seek, and Defendant shall not oppose, the appointment of Class Counsel as settlement class counsel and appointment of the Settlement Class Representative.  The Settlement Class Representative will move for certification of the Settlement Class contemporaneously with his motion for preliminary approval of the Settlement.  Defendant agrees not to contest certification of the Settlement Class pursuant to the terms of this Settlement Agreement.

## III.    **SETTLEMENT PAYMENT**

33.    In consideration for the Release contained in this Agreement, and without admitting liability for any of the acts or omissions alleged in the Complaint, and in the interests of minimizing the costs inherent in any litigation, Defendant will pay One Hundred Ninety-Five Thousand Dollars and No Cents ($195,000.00) to create the Settlement Fund, as set forth in this Section III.  Defendant will pay such funds within fifteen (15) days of the Effective Date into an escrow bank account to be created and administered by the Settlement Administrator.

34.    The Settlement Fund will be used to pay Settlement Class Members who submit valid and timely Claims, Service Award, Attorneys' Fees and Expenses, and any taxes due on the Settlement Fund.

35.    The Settlement Administrator shall timely furnish to Defendant any required account information, wiring instructions, or necessary forms before a payment is made.  The Settlement Fund shall be a Qualified Settlement Fund (pursuant to Treas. Reg. § 1.468B-1) in interest bearing bank account deposits with commercial banks with excess capital exceeding One Hundred Million Dollars and No Cents ($100,000,000.00), with a rating of "A" or higher by S&P and insured by the FDIC.  All funds in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed and/or further order of the Court.  Interest earned on deposits in the Escrow Account, less any taxes owed thereon (if any), will be added to the Settlement Fund for the benefit of the Class.  The Settlement Administrator shall be responsible for all administrative, accounting and tax compliance activities in connection with the Escrow Account and the Settlement Fund and the monies deposited into the Escrow Account, including any filing necessary to obtain Qualified Settlement Fund status pursuant to Treas. Reg. § l.468B-l. Defendant shall provide to the Settlement Administrator any documentation necessary to facilitate obtaining Qualified Settlement Fund status for the Settlement Fund pursuant to Treas. Reg. § 1.468B- l.  All taxes on interest income generated by the funds in the Settlement Fund, if any, shall be paid out of the Settlement Fund.

## IV.    **DISTRIBUTION PLAN**

36.    The funds in the Settlement Fund shall be distributed as follows:

     a.     *Step 1*:  Within three (3) business days after Defendant's payment / deposit into the escrow bank account pursuant to Paragraph 33 herein, the Settlement Administrator will use the funds in the Settlement Fund to pay (i) any taxes due on the Settlement Fund, (ii) any Service Award approved by the Court, and (iii) the Attorneys' Fees and Expenses approved by the Court.  The balance of the Settlement Fund after these payments are made is the "Net Settlement Fund Amount."

     b.     *Step 2*:  Within sixty (60) calendar days after the Effective Date, the Settlement Administrator will pay, from the Settlement Fund, moneys to Settlement Class Members who submit valid and timely claims pursuant to the following terms:

    i.  Settlement Class Members who submit documentary evidence establishing actual monetary loss resulting from the Incident shall be reimbursed for the loss established, up to a limit of Two Hundred Fifty Dollars and No Cents ($250.00) per claimant.

    ii.  Settlement Class Members whose HIV test results were obtained during the Incident will be paid Seventy-Five Dollars and No Cents ($75.00) without a requirement of establishing actual monetary loss.

    c.  An eligible Settlement Class Member may receive distributions pursuant to both Paragraph 36(b)(i) and Paragraph 36(b)(ii), for a maximum payment of Three Hundred Twenty-Five Dollars and No Cents ($325.00).

    d.  If the aggregate value of the valid and timely claims exceeds the Net Settlement Fund Amount, then the amount paid to Settlement Class Members who submit valid and timely claims will be reduced on a *pro rata* basis until the amount paid to Settlement Class Members who submit valid and timely claims equals the Net Settlement fund Amount.

    e.  <u>Step 3</u>:  Any funds remaining in the Settlement Fund after Steps 1 and 2 (the "Residual Settlement Payments Fund") shall be used to offset settlement notice and administration costs paid or incurred.

## V. <u>PRELIMINARY APPROVAL</u>

   37.  Upon execution of this Agreement by the Parties, Class Counsel shall promptly move the Court to enter an Order substantially in the form of the Preliminary Approval Order. The motion for preliminary approval shall request, among other things set forth in the Preliminary Approval Order, that the Court: (i) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (ii) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (iii) order Defendant to provide certain information pertaining to Settlement Class Members to the Settlement Administrator for the purposes of carrying out the Notice Program and other Court-ordered duties; (iv) approve the Notice Program set forth herein and approve the form and content of the Notice; (v) approve the procedures set forth in Section VII for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (vi) stay all proceedings in this matter unrelated to the Settlement pending Final Approval of the Settlement; (vii) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning a Released Claim; and (viii) schedule a Fairness Hearing for a time and date convenient for the Court.

   38.  The Parties shall file a joint motion for entry of an Order substantially in the form of the Qualified Settlement Protective Order in advance of, or concurrently with, the filing of the motion for preliminary approval.  The Parties agree that Defendant shall not provide the Settlement Administrator with any information pertaining to Settlement Class Members until entry of an order substantially in the form of the Qualified Settlement Protective Order.

   39.  Within ten (10) days of the filing of the motion for preliminary approval, Defendant, at its own expense, shall serve or cause to be served through the Settlement Administrator a notice of the proposed Settlement on appropriate officials in accordance with the

requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## VI.    **SETTLEMENT ADMINISTRATOR**

40.    The Settlement Administrator shall perform the functions specified for the Settlement Administrator in this Agreement and in the Declaration of the Settlement Administrator attached hereto as Exhibit "G," including, but not limited to, overseeing administration of the Settlement Fund; providing notice of the Settlement to Settlement Class Members as described in Section VII; effecting the Notice Plan; establishing and operating the Settlement Website and a toll-free number; administering the Claims processes; and distributing cash payments according to the processes and criteria set forth herein and in the Settlement Administration Protocol attached hereto as Exhibit "H."

41.    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include:

a.    Obtaining from Defendant and securely maintaining the name and mailing address information of Settlement Class Members for the purpose of sending notice to Settlement Class Members;

b.    Obtaining from Defendant and securely maintaining information necessary to carry out the claim validation procedure set forth in the Settlement Administration Protocol attached hereto as Exhibit "H";

c.    Effecting the Notice Program and performing the duties ascribed to the Settlement Administrator in this Agreement;

d.    Establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

e.    Establishing and maintaining the Settlement Website;

f.    Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

g.    Responding to any mailed Settlement Class Member inquiries;

h.    Processing all written notifications of exclusion from the Settlement Class;

i.    Providing weekly reports and, no later than ten (10) days after the Opt-Out Deadline, a final report to Class Counsel and Defendant, that summarize the number of written notifications of exclusion received that week, the total number of written notifications of exclusion received to date, and other pertinent information as requested by Class Counsel and Defendant's counsel;

j.    In advance of the Fairness Hearing, preparing a declaration to submit to

the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class;

        k.      Reviewing, determining the validity of, and responding to all Claims submitted by Settlement Class Members, pursuant to criteria set forth in the Settlement Administration Protocol attached hereto as Exhibit "H;"

        l.      After the Effective Date, processing and transmitting distributions to Settlement Class Members, Class Representatives, Class Counsel, and the Settlement Administrator, as required by, and in accordance with, Section IV;

        m.      Providing weekly reports and a final report to Class Counsel and Defendant that summarize the number of Claims since the prior reporting period, the total number of Claims received to date, the number of any Claims approved and denied since the prior reporting period, the total number of Claims approved and denied to date, and other pertinent information as requested by Class Counsel and Defendant's counsel; and

        n.      Performing any function related to Settlement administration at the agreed-upon instruction of both Class Counsel and Defendant, including, but not limited to, verifying that cash payments have been distributed in accordance with Section  IV.

## VII.    <u>NOTICE, OPT-OUTS, AND OBJECTIONS</u>

      42.      Upon entry of the Preliminary Approval Order and Qualified Settlement Protective Order, the Settlement Administrator will implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.

      43.      Notice of the Settlement to the Settlement Class Members shall comply with the Federal Rules of Civil Procedure and any other applicable statute, law, or rule, including but not limited to, the Due Process Clause of the United States Constitution.

      44.      *Class Member Information*:  No later than three (3) business days after entry of the Preliminary Approval Order and Qualified Settlement Protective Order, Defendant shall provide the Settlement Administrator with the name and address information that Defendant has in its possession for each Settlement Class Member for which it has such information.

      45.      *Settlement Website*:  Prior to the Notice Date, the Settlement Administrator shall establish the Settlement Website that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information, including periodic updates, a list of important dates, hyperlinked access to this Agreement, the Long Form Notice and Summary Notice, any motion seeking Final Approval of this Agreement, any motion for an award of Attorneys' Fees and Expenses and Service Award, the order preliminarily approving this Settlement, the Claim Form, the Amended Complaint and such other documents as Class Counsel and Defendant agree to post or that the Court orders posted on the website.  The Settlement Website shall not include any advertising and shall remain operational until at least thirty (30) days after the Claims Deadline. The Settlement Website shall provide Settlement

Class Members with the ability to complete and submit the Claim Form electronically.  The Settlement Website shall also make the Claim Form available for download.  Advertisements on the Internet, if any, shall direct Class Members to the website.

46.     *The Long Form Notice:*  The Long Form Notice shall be in a form substantially similar to the document attached to this Agreement as Exhibit "C" and shall comport with the following:

a.     General Terms:  The Long Form Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the definition of the Settlement Class, the identity of Settlement Class Members, how the proposed Settlement would provide relief to Settlement Class Members, the date upon which the Fairness Hearing will occur, the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information, what claims are released under the proposed Settlement, and other relevant information.

b.     Opt-Out Rights:  The Long Form Notice shall inform Settlement Class Members that they have the right to opt out of the Settlement.  The Long Form Notice shall provide the deadlines and procedures for exercising this right.

c.     Objection to Settlement:  The Long Form Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and appear at the Fairness Hearing.  The Long Form Notice shall provide the deadlines and procedures for exercising these rights.

d.     Fees and Expenses:  The Long Form Notice shall inform Settlement Class Members of the maximum amounts to be sought by Class Counsel as Attorneys' Fees and Expenses and individual Service Award to Plaintiff, and shall explain that the fees and expenses awarded to Class Counsel, Service Award to Plaintiff, and certain Settlement Administration Charges, in addition to amounts being made available for relief to Settlement Class Members, will be deducted from the Settlement Fund and be paid out of the Settlement Fund.

e.     Claim Form:  The Long Form Notice shall describe the Claim Form and shall inform the Settlement Class Member: (i) the criteria to be used to determine whether the Settlement Class Member is entitled to monetary relief, and, if so, the amount of such relief; and (ii) that in order to claim any payment pursuant to the Settlement, the Settlement Class Member must fully complete and timely submit the Claim Form prior to the Claim Deadline.

47.     *Toll Free Telephone Number*:  Prior to the Notice Date, the Settlement Administrator shall establish a toll-free telephone number, through which Settlement Class Members may obtain information about the Action and the Settlement and request a mailed copy of the Long Form Notice and/or the Claim Form, pursuant to the terms and conditions of this Agreement.

48.     As set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "G," the Notice Program has two components: (1) dissemination of the Summary Notice by U.S. Mail; and (2) provision of notice on the Settlement Website by posting the Long Form

Notice, the Summary Notice, and relevant documents and information.  The Notice Program will begin within ten (10) days after the entry of the Preliminary Approval Order and will be substantially completed no later than the Notice Deadline, and subject to the requirements of this Agreement and the Preliminary Approval Order, the Parties shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program as set forth below.

   a. The Settlement Administrator shall send the Summary Notice *via* U.S. Mail to all Settlement Class Members for whom Defendant can ascertain a mailing address from its records with reasonable effort.  For any mailed Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Summary Notice to the updated address as indicated.  For any mailed Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Summary Notice to the extent updated addresses are identified.  The Settlement Administrator need only make one attempt to  re-mail any Summary Notices that are returned as undeliverable;

   b. The Settlement Administrator shall publish the Long Form Notice, the Summary Notice, and other relevant documents and information on the Settlement Website on or before the Notice Date; and

   c. The Settlement Administrator shall provide the URL address of the Settlement Website in the Long Form Notice and the Summary Notice.

  49. Settlement Class Members may elect to exclude themselves from (or "opt out of") the Settlement Class, relinquishing their rights to benefits hereunder.  The Notice shall explain the procedure for Settlement Class Members to exclude themselves from the Settlement, which shall requre a written notification containing the individual's name and address; a statement that he or she wants to be excluded from the Settlement Class; and the individual's signature. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice.  Settlement Class Members who exclude themselves from the Settlement Class will not release their claims pursuant to this Agreement.  Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement.  The Settlement Administrator shall provide the Parties with copies of all exclusion notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel may move to file under seal with the Court no later than ten (10) days prior to the Fairness Hearing.

  50. The Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for Attorneys' Fees and Expenses.  Any written objection to the Settlement must (i) be submitted to the Court by filing the written objection through the Court's Case Management/Electronic Case Files ("CM/ECF") system, or by mailing the written objection to the United States District Court for the District of New Jersey, or by filing the written objection in person at any location of the United States District Court for the District of New Jersey; (ii) be filed or postmarked on or before the objection deadline provided in the Court's Preliminary Approval Order; and (iii) be mailed first class postage prepaid to Lead Class Counsel and Defendant's counsel and postmarked by no later than

the Objection Deadline, as specified in the Notice.  For an objection to be considered by the Court, the objection must also set forth:

      a.    the case name and number of the Action;

      b.    the objector's full name, address, email address, and telephone number;

      c.    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

      d.    all grounds for the objection, accompanied by any legal support for the objection;

      e.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Award;

      f.    the identity of all counsel representing the objector who will appear at the Fairness Hearing;

      g.    any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

      h.    a list of any persons who will be called to testify at the Fairness Hearing in support of the objection;

      i.    a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; and

      j.    the objector's signature on the written objection (an attorney's signature is not sufficient).

51.    Within seven (7) days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and Defendant with one or more affidavits confirming that the Notice Program was completed in accordance with the terms of this Agreement, the Parties' instructions, and the Court's approval.  Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Settlement Class Representatives' motion for final approval of the Settlement.

## VIII.   FAIRNESS HEARING, FINAL APPROVAL ORDER AND JUDGMENT

52.    Plaintiff's motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Fairness Hearing will occur.  The Fairness Hearing shall be scheduled no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C § 1715.  By no later than fourteen (14) days prior to the Objection Deadline, Plaintiff shall file a motion for final approval of the Settlement and a motion

for Attorneys' Fees and Expenses and for Service Award. By no later than 7 days prior to the Fairness Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for Attorneys' Fees and Expenses and for Service Award. At the Fairness Hearing, the Court will consider Plaintiff's motion for final approval of the Settlement, and Class Counsel's application for Attorneys' Fees and Expenses and for Service Award. In the Court's discretion, the Court also may hear argument at the Fairness Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the application for Attorneys' Fees and Expenses and for Service Award, provided the objectors filed timely objections that meet all of the requirements listed in Paragraph 50.

53.     At or following the Fairness Hearing, the Court will determine whether to enter the Final Order and Judgment granting final approval of the Settlement, and whether to approve Class Counsel's request for Attorneys' Fees and Expenses, and the Service Award. The proposed Final Order and Judgment, in a form agreed upon by the Parties, shall, among other things:

a.     determine that the Settlement is fair, adequate, and reasonable;

b.     finally certify the Settlement Class for settlement purposes only;

c.     determine that the Notice provided satisfied Due Process requirements;

d.     dismiss the Action with prejudice;

e.     bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Section IX, including during the pendency of any appeal from the Final Approval Order;

f.     release Defendant and the Released Parties from the Released Claims, as set forth in Section IX; and

g.     reserve the Court's continuing and exclusive jurisdiction over Defendant and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## IX.     **RELEASES**

54.     As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged all Defendant Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Incident that were or could have been alleged in the Action, including, without limitation, any claims, actions,

causes of action, demands, damages, penalties, losses, or remedies that the Releasing Parties, and each of them had, has, or may have in the future relating to, based upon, resulting from, or arising out of (1) the Incident (including without limitation any such claims relating to (i) unauthorized access to, theft, exposure, or disclosure of Settlement Class Members' personal information in the Incident, (ii) Defendant's maintenance and storage of Settlement Class Members' personal information insofar as such maintenance and storage related to the Incident, and (iii) contentions that Defendant's information security policies and practices were a contributing factor in any way to the Incident), and/or (2) Defendant's notice of the Incident to Settlement Class Members (the "Released Claims").

55.     For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the New Jersey AIDS Assistance Act (N.J.S.A. 26:5C-1, *et seq.*), New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, *et seq.*) and any similar statutes or data breach notification statutes in effect in the United States (or in any state or local jurisdiction thereof); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure or publication of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

56.     The Released Claims shall also include a release and waiver of any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code to the extent applicable or similar laws of any other state or jurisdiction.  California Civil Code § 1542 reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

57.     Upon entry of the Final Judgment, the Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Defendant Released Persons or based on any actions taken by any of the Defendant Released Persons authorized or required by this Agreement or by the Final Judgment.  It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## X.      ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD

58.     No later than fourteen (14) days prior to the Objection Deadline, Class Counsel will ask the Court to approve an award of Attorneys' Fees and Expenses, and a Service Award for Plaintiff, not to exceed a combined total of Ninety-Five Thousand Dollars and No Cents ($95,000.00).  In no event will Defendant be required to pay Class Counsel and Plaintiff more than Ninety-Five Thousand Dollars and No Cents ($95,000).

59.     The Service Award is intended to compensate Plaintiff for his efforts in the litigation and commitment on behalf of the Settlement Class.  Neither Class Counsel's application for, nor Plaintiff's entitlement to, a Service Award shall be conditioned in any way upon Plaintiff's support for this Agreement.

60.     Any Service Award or award of fees and costs approved by the Court will be paid from the Settlement Fund pursuant to Paragraph 36(a).

61.     Defendant reserves the right to oppose Class Counsel's request for an award of Attorneys' Fees and Expenses, and a Service Award.  However, Defendant agrees not to appeal the award if the combined amount awarded by the Court for Attorneys' Fees and Expenses and a Service Award does not exceed Ninety-Five Thousand Dollars and No Cents ($95,000.00).

62.     The payment of the Attorneys' Fees and Expenses pursuant to Paragraph 60 shall be made through a wired deposit by Settlement Administrator from the escrow account into the attorney client trust account to be designated by Lead Class Counsel.  After the funds have been deposited into this account, Lead Class Counsel shall be solely responsible for allocating such fees and costs, and Defendant and the Settlement Administrator shall have no further responsibility for distribution of attorneys' fees and costs.

63.     In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and/or a Service Award in the amounts that Class Counsel requests, the remaining provisions of this Agreement shall remain in full force and effect.  The finality or effectiveness of the Settlement will not be dependent on the Court awarding Class Counsel any particular amount for their fee request, or awarding Plaintiff any particular amount for a Service Award, and shall not alter the Effective Date.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, costs, and/or a service award shall constitute grounds for cancellation of, termination of, or withdrawal from this Agreement.

## XI.     TERMINATION

64.     Defendant shall have the sole discretion to terminate the Settlement Agreement if Three Hundred and Forty (340) or more Settlement Class Members submit valid requests to opt out.

65.     If any of the following events occur, this Settlement may be terminated by either Plaintiff or Defendant by serving on counsel for the opposing party and filing with the Court a written notice of termination within fourteen (14) days (or such longer time as may be agreed between Class Counsel and Defendant), provided, however, that no decision by any court

declining to approve, in whole or in part, the payment of attorneys' fees, costs, and/or a Service Award in the amounts that Class Counsel requests, or to reduce the same, constitutes grounds for termination:

        a.      Class Counsel and Defendant agree to termination before the Effective Date;

        b.      The Court or any reviewing appellate court rejects, incorporates material terms or provisions into, deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Preliminary Approval Order, the Notice Program, the proposed Final Order and Judgment, or the Settlement other than by declining to approve, in whole or in part, the payment of attorneys' fees, costs, and/or a Service Award in the amounts that Class Counsel requests;

        c.      The Court declines to preliminarily or finally approve the Settlement;

        d.      An appellate court reverses the Final Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand, provided that the Court's declining to approve, in whole or in part, the payment of attorneys' fees, costs, and/or a Service Award in the amounts that Class Counsel requests does not constitute grounds for termination; or

        e.      The Effective Date does not occur.

66.      In the event of a termination as provided in Paragraphs 64-65, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## XII.   NO ADMISSION OF LIABILITY

67.      Defendant disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind.  Defendant has agreed to enter into this Agreement solely to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

68.      Class Counsel and Plaintiff believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the likelihood that class members would not pursue individual litigation to protect their privacy interests and to seek redress for violations of their interests, particularly considering the costs of pursuing such litigation, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, including certification of a class and upholding certification on appeal, the delay in providing benefits to the class in the event that this litigation was not settled, and the likelihood of success on the merits of the Action.  Class Counsel and Plaintiff have concluded that the proposed Settlement

set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

69.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

70.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Defendant Released Persons, in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XIII.   MISCELLANEOUS

71.     Recitals.  The Parties agree that the recitals are contractual in nature and form a material part of this Agreement.

72.     Singular and Plural.  As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

73.     Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Defendant Released Persons.

74.     Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

75.     Obligation To Meet and Confer.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

76.     Extensions of Time.  The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

77.     Integration.  This Agreement (along with any Exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

78.    <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

79.    <u>Governing Law</u>.  The Agreement shall be construed in accordance with, and be governed by, the laws of the State of New Jersey, without regard to the principles thereof regarding choice of law.

80.    <u>Counterparts</u>.  This Agreement may be executed in one more counterparts, including by signature transmitted by facsimile or email, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

81.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.  As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

82.    <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

John A. Yanchunis
Patrick Barthle
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
jyanchunis@forthepeople.com
pbarthle@forthepeople.com

All notices to Defendant provided for herein shall be sent by overnight mail and email to:

Keena Hausmann
Senior Corporate Counsel
Quest Diagnostics Incorporated
500 Plaza Drive
Secaucus, NJ 07094
Keena.M.Hausmann@questdiagnostics.com

        -and-

David H. Hoffman

Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
david.hoffman@sidley.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

83.     _Authority_.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

84.     _No Construction Against Drafter_.  None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter. The Parties agree that this Settlement Agreement was drafted at arm's-length, and that no other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement or Settlement was made or executed.

85.     _Headings_.  The headings in this Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

86.     The Parties believe that this Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arm's-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Agreement as of the date first set forth above.

*[signature pages follow]*

**QUEST DIAGNOSTICS INCORPORATED**

_____
Keena M. Hausmann
Senior Corporate Counsel
Quest Diagnostics Incorporated

**CLASS COUNSEL**

_____
John Yanchunis
Morgan & Morgan Complex Litigation Group

**DEFENDANT'S COUNSEL**

_____
David H. Hoffman
Sidley Austin LLP

20

**QUEST DIAGNOSTICS INCORPORATED**

Keena M. Hausmann
Senior Corporate Counsel
Quest Diagnostics Incorporated

**CLASS COUNSEL**

John Yanchunis
Morgan & Morgan Complex Litigation Group

**DEFENDANT'S COUNSEL**

David H. Hoffman
Sidley Austin LLP

20