## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GRANT MORROW on behalf of himself and other persons similarly situated,**<br><br>**Plaintiffs(s)**<br><br>**v.**<br><br>**QUEST DIAGNOSTICS INCORPORATED**<br><br>**Defendant(s)** | Civil Action No.: 2:17-cv-0948 (CCC)(JBC)<br><br>Civil Action |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE TO SETTLEMENT CLASS, AND SCHEDULING FINAL APPROVAL HEARING

This matter having come before the Court on a motion of Plaintiff, Grant Morrow, as proposed representative of the Settlement Class, for preliminary approval of the Settlement Agreement and other relief, provisional certification of the Settlement Class, appointment of Class counsel and Class Representative, approval of the proposed Notices of the Settlement, and setting of the Final Approval Hearing, and it appearing that Defendant has not opposed the relief sought by this motion;

After having read and considered the Settlement Agreement, the written submissions, and the arguments of counsel, if any, and all papers filed and proceedings in the Action, and for good cause having been shown:

**THE COURT HEREBY FINDS:**

1

1.      On December 21, 2016, Plaintiff commenced this putative class action against Defendant by filing a class-action complaint in the Superior Court of the State of New Jersey, Law Division, Middlesex County, which was assigned docket number MID-L-7406-16. Plaintiff's complaint arose out of a data breach in which protected health information of approximately 34,000 patients of Defendant, Quest Diagnostics Incorporated ("Quest"), were obtained by an unauthorized third party on November 26, 2016, which was announced by Quest on December 12, 2016 (hereinafter, "the Incident").

2.      Defendant removed the action to this Court on February 13, 2017.

3.      Defendant filed a motion to dismiss on April 5, 2017 on the grounds that Plaintiff (i) Plaintiff lacked Article III standing to sue because he had not alleged any cognizable injury and (ii) Plaintiff failed to state a claim upon which relief may be granted.

4.      Based on Defendant's motion to dismiss, Plaintiff sought permission from the Court to take certain discovery regarding Defendant's contention that Plaintiff lacked Article III standing [D.E. 13], and was permitted to take such discovery [D.E. 26] and thereafter moved for permission to file an amended complaint [D.E. 39].

5.      On December 20, 2017 the Court granted Plaintiff's Motion to Amend the Complaint. [D.E. 44].

6.      On January 30, 2018 Defendant moved to dismiss Plaintiff's First Amended Complaint [D.E. 52], with briefing on said motion being completed on March 14, 2018. [D.E. 59].

7.      On July 27, 2018, this Court referred the parties to mediation before mediator Sheryl M. Goski, Esq. [D.E. 79].

8.      Pursuant to the Court's referral to mediation, the parties engaged in good-faith, arms-length settlement negotiations during a full-day mediation on September 24, 2018 before

Sheryl M. Goski, Esq. These negotiations involved exchanges of the parties' positions, relevant legal authorities, data regarding the breach and its effect on putative class members, and other information. That mediation session resulted in a framework for settlement. The parties continued negotiations regarding the terms of the Settlement Agreement until the date of its execution.

9.      On September 27, 2019, Plaintiff filed a motion with the consent of Defendant, seeking permission from the Court to file a Second Amended Complaint. [D.E. 104] The Second Amended Complaint is to be considered the Operative Complaint for purposes of the proposed Class Action Settlement.

10.      Plaintiff and Defendant, and their respective attorneys of record, taking into account the risks, uncertainties, delay, and expense involved in this matter, as well as other relevant considerations have concluded that it is in the best interests of the Plaintiff, the Potential Class, and Defendant to compromise and settle this matter fully and finally in the manner and upon the terms and conditions set forth in the Settlement Agreement. Defendants have agreed to provide relief to members of the Settlement Class pursuant to the Settlement Agreement in exchange for the release of certain claims by Plaintiff and Settlement Class Members as more fully set forth in the Settlement Agreement.

11.      The Settlement Agreement provides, among other things:

   a.   Defendant will pay One Hundred Ninety-Five Thousand Dollars and No Cents ($195,000.00) to create the Settlement Fund.

   b.   The Settlement Fund will be used to pay Settlement Class Members who submit valid and timely Claims, Service Award, Attorneys' Fees and Expenses, and any taxes due on the Settlement Fund.

   c.   The funds in the Settlement Fund shall be distributed as follows:

    i. *Step 1*:  Within three (3) business days after Defendant's payment / deposit into the escrow bank account, the Settlement Administrator will use the funds in the Settlement Fund to pay (i) any taxes due on the Settlement Fund, (ii) any Service Award approved by the Court, and (iii) the Attorneys' Fees and Expenses approved by the Court.  The balance of the Settlement Fund after these payments are made is the "Net Settlement Fund Amount."

    ii. *Step 2*:  Within sixty (60) calendar days after the Effective Date, the Settlement Administrator will pay, from the Settlement Fund, moneys to Settlement Class Members who submit valid and timely claims pursuant to the following terms:

        (a) Settlement Class Members who submit documentary evidence establishing actual monetary loss resulting from the Incident shall be reimbursed for the loss established, up to a limit of Two Hundred Fifty Dollars and No Cents ($250.00) per claimant.

        (b) Settlement Class Members whose HIV test results were obtained during the Incident will be paid Seventy-Five Dollars and No Cents ($75.00) without a requirement of establishing actual monetary loss.

    iii. An eligible Settlement Class Member may receive distributions pursuant to both Paragraph (a) and Paragraph (b) above, for a maximum payment of Three Hundred Twenty-Five Dollars and No Cents ($325.00).

    iv. If the aggregate value of the valid and timely claims exceeds the Net Settlement Fund Amount, then the amount paid to Settlement Class Members who submit valid and timely claims will be reduced on a *pro rata* basis until the amount paid to Settlement Class Members who submit valid and timely claims equals the Net Settlement Fund Amount.

    v. *Step 3*:  Any funds remaining in the Settlement Fund after Steps 1 and 2 (the "Residual Settlement Payments Fund") shall be used to offset settlement notice and administration costs paid or incurred.

c. Plaintiff shall petition the Court to approve an award of Attorney's Fees and Expenses, and a Service Award for Plaintiff, not to exceed $95,000.

d. Defendant shall pay with funds not included in the Total Settlement Fund the Claims Administrator's fees and costs of Administration.

12. The Court has jurisdiction over the subject matter of the Action and the Parties.

4

13.     The Court preliminarily finds that the proposed settlement is fair, reasonable and adequate, was negotiated at arm's length and was entered into by the parties in order to avoid the costs, uncertainty and risks of continuing litigation and the proposed class settlement reflects the strengths and weaknesses of the claims and defenses in the case.

14.     Good cause exists for the Court to conclude that the Settlement satisfies the prerequisites for class certification under Fed. R. Civ. P. 23(a), (b)(3) & (e).

15.     Plaintiff can fairly and adequately represent and protect the interests of the Settlement Class.   The Court preliminarily finds that the Plaintiff is an adequate Class Representative.

16.     The Attorneys representing Plaintiff and proposed Class Counsel for the Settlement Class, John A. Yanchunis and Patrick Barthle of Morgan & Morgan Complex Litigation Group, James Barry of the Locks Law Firm, LLC, and Michael Glapern of Javerbaum Wurgaft Hicks Kahn Wikstrom and Sinins, P.C, are experienced in litigating class action claims of the type involved in this matter and are adequate Class Counsel.

17.     The proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, is fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on their behalf, the risk and delay inherent in litigation, and the damages available.

**IT IS THEREFORE** ON THIS __25__ DAY OF __October__, 2019 **ORDERED AS FOLLOWS:**

18.     The Motion for Preliminary Approval of the Proposed Class Action Settlement be and is hereby **GRANTED.**

5

19.     The Settling Parties shall comply with the terms and conditions and schedule set forth in the terms of the Settlement Agreement.

20.     Grant Morrow is hereby appointed to serve as Class Representative.

21.     The Court appoints John A. Yanchunis and Patrick Barthle of Morgan & Morgan Complex Litigation Group, James Barry of the Locks Law Firm, LLC, and Michael Glapern of Javerbaum Wurgaft Hicks Kahn Wikstrom and Sinins, P.C. as Class Counsel for the Settlement Class.

22.     Pursuant to Fed. R. Civ. P. 23 the Court hereby certifies the following class for settlement purposes:

> All persons residing in the United States whose personal information was obtained by an unauthorized third party in the Incident.  Excluded from the Settlement Class are the judge and magistrate judge presiding over this matter, any members of their judicial staff, the officers and directors of Defendant, and persons who timely and validly request exclusion from the Settlement Class.

23.     Heffler Claims Group is hereby appointed to serve as the Claims Administrator and shall be responsible for administering the settlement in accordance with the terms of the Settlement Agreement.

24.     The costs of administering the settlement, including but not limited to, the Claims Administrator's Fees and Costs of Administration, shall be paid by Defendant, with funds not included in the Settlement Fund, except as provided in the Settlement Agreement.

25.     The Court approves the proposed form and method of Notices as set forth in the Settlement Agreement as fair, adequate and reasonable.  The Court finds that the Notices comply with Fed. R. Civ. P. 23(c)(2)(B) and due process and is the best notice practicable under the circumstances.

26.     The Court orders that notice of preliminary approval of the Settlement Agreement and exclusion and objection procedures be given by direct mail notice and website notice as set forth in the Settlement Agreement.  It is further ordered that mutually agreed upon, reasonable and non-substantive changes to the notices may be made without necessity of further order.

27.     Any member of the Settlement Class may elect to be excluded from the Settlement and the Settlement Class.  A Settlement Class Member who desires to be excluded from from the Settlement Class must submit a signed request for exclusion in accordance with the terms of the Settlement Agreement.

28.     Any members of the Settlement Class who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, and shall not be afforded any of the rights or relief described therein.

29.     All members of the Settlement Class who do not submit valid and timely requests for exclusion shall be bound by the terms of the Settlement Agreement and any and all judgments or Orders entered by the Court in connection with the Settlement.

30.     At least fourteen days prior to the Objection Deadline, Class Counsel shall move for an award of attorneys' fees and expenses and a service award for the Class Representative.

31.     A final hearing on the fairness of the Class Settlement Agreement, any objections thereto, the application for Class Counsel Fees and Expenses and Plaintiff's Service Award, certification of the Settlement Class, and entry of a final judgment and order for dismissal is scheduled for     February 25, 2019 at 10:30 This hearing may be adjourned from time to time without further or prior notice by oral announcement or written order of the Court.

32.     Any Settlement Class member may appear at the aforementioned Final Approval Hearing, in person or through counsel (at the Settlement Class member's own expense), and be

7

heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, Class Counsel's Fee and Class Counsel's expenses, and the Class Representative Incentive Award. However, no person shall be heard in opposition to the proposed Settlement, fees and awards, and no paper or brief submitted by such person shall be received or considered by the Court, unless such person has timely filed a written objection with the Court, and has sent a copy of that written objection to Class Counsel and defendant's counsel in the manner set forth in the Settlement Class Notice.

33.     Objections not conforming to the requirements set forth herein and in the Settlement Class Notice shall be stricken and not considered or heard by the Court.

34.     Any Settlement Class member who excludes him/herself from the Settlement Class cannot object to the terms of the Settlement.

35.     In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of this Order or the Final Approval Order and Judgment, is reversed or modified on appeal (except for the modification of Class Counsel's Fee and Class Counsel's Expenses), or any one of the conditions precedent set forth in the Settlement Agreement is not met then this Order and the Final Approval Order and Judgment including but not limited to the provisional class certification to effectuate the Settlement Agreement and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* and become null and void and of no force and effect, without further Order of the Court, and in such event Defendant *status quo ante* rights to oppose any subsequent efforts by the Plaintiff to certify this action as a class action and all other defenses, rights, and positions shall in all respects be unaffected and preserved, as shall those rights of the Plaintiff and each of the Settlement Class Members.

36.   **Summary of Deadlines.** The preliminarily approved settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:** 30 days following Preliminary Approval

**Motion for Final Approval:** 14 days prior to Objection Deadline

**Motion for Service Awards, Attorney's Fees and Costs:** 14 days prior to the Opt-Out Deadline and Objection Deadline.

**Opt-Out Deadline:** 45 days after the Notice Deadline

**Objection Deadline:** 45 days after the Notice Deadline

**Replies in Support of Final Approval, Service Awards and Fee Requests:** 7 days prior to the Final Approval Hearing

**Claim Deadline:** 180 Days after the Notice Deadline

**Final Approval Hearing:** On or after 110 days following Preliminary Approval

HON. CLAIRE C. CECCHI, U.S.D.J